## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Rhori Edwards<br>7431 S. Clyde<br>Chicago, IL 60649<br><br>    Plaintiff,<br><br>v.<br><br>Weltman, Weinberg & Reis Co., L.P.A.<br>c/o John S. Pucin, Registered Agent<br>180 N. LaSalle Street, Ste 2400<br>Chicago, IL 60601<br><br>    Defendant. | FILED: JULY 07, 2008<br>CASE NO.: 08CV3849<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE MASON<br>JUDGE: RCC<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around May 30, 2008, Defendant telephoned Plaintiff on Plaintiff's cell phone regarding the debt.

10. During this communication, Defendant demanded that Plaintiff pay the debt.

11. During this communication, Plaintiff notified Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

12. During this communication, Defendant stated that Defendant didn't give a [Expletive] about Plaintiff's attorney.

13. During this communication, Defendant began to shout at Plaintiff, so Plaintiff hung up the phone.

14. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment ("Work") on or around May 30, 2008.

15. During this communication, Plaintiff's coworker ("Coworker") answered the phone call.

16. During this communication, Defendant told Coworker that Defendant was calling to collect a debt and needed to speak to Plaintiff about wage garnishment.

17. During this communication, Coworker transferred the call to Plaintiff, who notified Defendant that Plaintiff was not permitted to receive personal phone calls at Work.

18. During this communication, Defendant ignored Plaintiff's notice and demanded Plaintiff's social security number.

19. During this communication, Plaintiff refused to provide Plaintiff's social security number.

20. During this communication, Defendant became belligerent and threatened to garnish Plaintiff's wages.

21. During this communication, Defendant caused Plaintiff's call

22. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff and could not garnish Plaintiff's wages.

23. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Work.

39. The disclosure of Plaintiff's debt and the threat of legal action to these parties is highly offensive.

40. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

43. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

44. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

45. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

6

                RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:    /s/ Jeffrey S. Hyslip
       Jeffrey S. Hyslip
       Attorney for Plaintiff
       233 S. Wacker Dr., Suite 5150
       Chicago, IL 60606
       Telephone:  866-339-1156
       Email:  jsh@legalhelpers.com